## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORLE BUILDING SYSTEMS, INC.,    )
    )
    Plaintiff,    )
    )
    vs.    )    Civil Action No. 3:21-cv-104
    )    Judge Stephanie L. Haines
OGDEN WELDING SYSTEMS, INC.,    )
    )
    Defendant.    )

## OPINION

This is a contract action relating to the sale of welding machines brought by Corle Building Systems, Inc., ("Plaintiff") against Ogden Welding Systems, Inc. ("Defendant"). Presently before the Court are the following motions: (1) Plaintiff's motion to amend complaint [Doc. 19]; (2) Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) [Doc. 8]; and, (3) Defendant's motion to consolidate this case with a related case that Defendant removed from the Court of Common Pleas of Bedford County, which is docketed at Civil. No. 3:21-130 [Doc. 11].

For the following reasons, Plaintiff's motion to amend the complaint will be granted. Defendant's motion to dismiss the original complaint will be denied as moot, but without prejudice. And, in light of the order entered by this Court this day in Civil No. 3:21-130 granting Plaintiff's motion to remand that action to the state court, Defendant's motion to consolidate the two cases will be denied as moot.

## I.  Procedural History

On June 10, 2021, Plaintiff commenced this action by filing a four-count complaint asserting causes of action against Defendant for fraudulent inducement, breach of contract, breach

1

of implied fitness for a particular purpose, and breach of implied warranty of merchantability [Doc. 1].

On July 19, 2021, Defendant filed both a motion for change of venue [Doc. 6], and a motion to dismiss, along with separate briefs in support of both motions. The Court ordered Plaintiff to file an omnibus response by August 19, 2021.

On August 2, 2021, before Plaintiff's response to those motions came due, Defendant commenced a second federal action, docketed at Civil No. 3:21-130, by filing a notice of removal of a case from the Bedford County Court of Common Pleas.[1] Three days later, Defendant then filed a motion to consolidate this case with the one at Civil No. 3:21-130 [Doc. 11], along with a supporting brief. Plaintiff filed a response to the consolidation motion on August 12, 2021 [Doc. 15], and an omnibus response to the motion to dismiss and motion to change venue on August 19 [Doc. 16]. The following day, Defendant filed a reply brief in support of the motion to consolidate [Doc. 17], and filed a reply brief in support of the motions to change venue and to dismiss on August 26, 2021 [Doc. 18].

On September 14, 2021, Plaintiff filed a motion to amend the complaint [Doc. 19] along with a brief in support. In light of the multiple motions and responses filed in this case, as well as a concurrent flurry of activity in the case at Civil No. 3:21-130, the Court stepped in and set a status conference in both cases, and directed the parties not to file anything else in either case prior to the conference. At the status conference, the parties were directed to meet and confer in an

---

[1] The state court case commenced on June 3, 2020, when Corle filed a Praecipe for Writ of Summons as to Defendant Ogden Welding and three other entities identified as ESAB, ESAB Welding & Cutting Products, and Colfax Corporation. A writ of summons was served on each of those parties by the Bedford County Prothonotary. After the commencement of this case at Civil No. 3:21-104, Defendant Ogden caused the Bedford County Prothonotary to issue a Rule to File Complaint in the state court action. Plaintiff Corle then filed a motion to discontinue the state action solely against Ogden, which precipitated the removal by Ogden of the state court action to this Court at Civil No. 3:21-130.

attempt to clean up both dockets without Court intervention.

On October 12, 2021, the parties filed a joint status report [Doc. 23] indicating that, as to this case, Defendant would agree to withdraw its motion for transfer of venue, as well as that portion of its motion to dismiss arguing failure to join an indispensable party. However, the parties further reported that the remainder of Defendant's motion to dismiss, as well as Defendant's motion to consolidate and Plaintiff's motion for leave to file an amended complaint, remain unresolved.

On October 13, 2021, the Court entered an order withdrawing the motion to change venue and directing Defendant to file a response to the motion to amend [Doc. 24]. On October 27, 2021, Defendant filed a brief in opposition to the motion to amend [Doc. 25], and Plaintiff filed a reply brief on November 3, 2021 [Doc. 26].

## II.     Discussion

### A.     Motion for Leave to File an Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend a complaint once "as a matter of course" within twenty-one days of serving it, or of receiving a responsive pleading or motion to dismiss. After those twenty-one days elapse, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed.R.Civ.P. 15(a)(2). Under Rule 15(a)(2), leave to amend a pleading "shall be freely given when justice so requires," and the Third Circuit Court of Appeals has "consistently adopted a liberal approach to the allowance of amendments." *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369–70 (3d Cir. 2020). However, a district court may deny leave to amend upon a finding of undue delay, bad faith, prejudice to the opposing party, or futility. *Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 367 (3d Cir. 2013) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).

3

Here, Plaintiff seeks leave to amend its complaint based on missing attachments to a purchase order Plaintiff issued to Defendant on September 13, 2019. Plaintiff alleges that its claims against Defendant are based in part on that Purchase Order, which Plaintiff alleges incorporated two Proposals made by Defendant to Plaintiff that Plaintiff attached as an exhibit to the Complaint. These proposals contain a statement indicating "attachments" which, Plaintiff alleges, were not actually attached to the Proposals Defendant sent to Plaintiff. Plaintiff alleges that it never received or reviewed these "non-existent" attachments.

Plaintiff further alleges that in its motions to dismiss and to transfer venue, Defendant attached three documents containing additional terms and conditions of the written contract, and asserted that Plaintiff failed to attach these documents to the complaint. In its response, Plaintiff argued that the attachments were not attached to the proposals Defendant sent to Plaintiff, and asserted that a forensic examiner established that the documents were never attached to the proposals. In its Reply, Defendant then acknowledged that it never attached the documents to the proposals, or otherwise sent them to Plaintiff, but nevertheless argued that the attachments were incorporated into the purchase order and were binding on Plaintiff.

Plaintiff now seeks leave to amend its complaint to assert additional facts in support of its allegation that the attachments never became part of the Purchase Order and written contract. Plaintiff asserts that it could not have made these allegations at the time of the original complaint, nor even within 21-days after Defendant filed its motion to dismiss, because Defendant did not acknowledge that it never sent the documents to Plaintiff until Defendant filed its reply brief.

Defendant opposes Plaintiff's motion for leave to amend solely on the ground that amendment will cause "additional costs and delay" by necessitating another motion to dismiss. It also argues that the motion is nothing but an "unauthorized sur-reply."

Upon consideration of the motion and Defendant's response, the Court finds that leave to amend should be granted. The Court believes that Plaintiff has set forth valid reasons as to why the new allegations were not included in the original complaint, and the Court can discern no prejudice to Defendant by permitting Plaintiff to amend the complaint. Although Defendant complains of additional costs and delays by permitting amendment before a ruling on the pending motion to dismiss, the Court views the additional allegations as potentially relevant to the claims and issues raised, and it was Defendant who chose not to acknowledge that it in fact had never provided the attachments to Plaintiff until the time it filed its reply brief.

"It is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment." *Sheridan*, 975 F.3d at 370. Here, the Court can discern no prejudice to Defendant from permitting an amendment prior to the ruling on the motion to dismiss. Defendant can incorporate the same arguments in a motion to dismiss the amended complaint that it raised in its motion to dismiss the original complaint without reinventing the wheel. Defendant can also remove from a new motion to dismiss the arguments relating to failure to join an indispensable party, which it already has agreed to withdraw. Finally, in light of the tortured history of this litigation to date, the Court does not believe that a reset would prejudice either party.

Accordingly, in light of the liberal approach to amending pleadings to be applied under Rule 15(a)(2), and the Court finding that no prejudice will result to Defendant from permitting an amendment in this case, Plaintiff's motion for leave to file an amended complaint will be granted, as justice so requires.

### B.    Motion to dismiss

As Plaintiff's amended complaint will supersede the original complaint filed in this action, Defendant's motion to dismiss the original complaint will be denied as moot. The dismissal of

this motion is without prejudice, and, if Defendant chooses to respond to the amended complaint with another motion to dismiss, it may raise any issue it deems appropriate, with the exception of the issue relating to the failure to join indispensable parties, which it previously agreed to withdraw [Doc. 23].

However, the parties hereby are cautioned that from this point forward, the Court will not permit this case to devolve back into the procedural chaos and gamesmanship that has characterized this litigation, including the case at Civil No. 3:21-130, to date. Accordingly, the parties are advised that anything filed with this Court must comply with the Federal Rules of Civil Procedure, the Local Rules of Court, and this Court's Interim Standing Order relating to motions practice. *See* www.pawd.uscourts.gov/sites/pawd/files/Haines_Standing_Order. The Court would draw the parties' immediate and specific attention to ¶ E of the Interim Standing Order relating to procedures applicable to Rule 12 motions and its good faith "meet and confer" requirement.

### C.      Motion to Consolidate

In an order filed this day at Civil No. 3:21-130, the Court granted Plaintiff's motion to remand the state court case back to the Bedford County Court of Common Pleas. Defendant's motion to consolidate this case with that remanded and now closed case therefore also will be denied as moot.

An appropriate order to follow.

DATE: September 30, 2022

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record